**19SL-CC05619**

Electronically Filed - St Louis County - December 06, 2019 - 04:56 PM

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS, MISSOURI
TWENTY-FIRST JUDICAL CIRCUIT

| | |
|---|---|
| JENNIFER ERNST, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MEDICAL DATA SYSTEMS, INC. D/B/A MEDICAL REVENUE SYSTEM<br><br>Serve: Registered Agent<br>      CSC Lawyers Incorporating Service Company<br>      221 Bolivar Street<br>      Jefferson City, MO 65101<br><br>    Defendant. | Cause No.<br><br>JURY TRIAL DEMANDED |

## **PLAINTIFF'S CLASS ACTION PETITION**

Electronically Filed - St Louis County - December 06, 2019 - 04:56 PM

## TABLE OF CONTENTS

Page

INTRODUCTION ........ 1

THE PARTIES ........ 1

Plaintiff ........ 1

Defendant ........ 1

JURISDICTION AND VENUE ........ 2

The Telephone Consumer Protection Act ........ 3

The Fair Debt Collection Practices Act ........ 3

FACTUAL ALLEGATIONS REGARDING DEFENDANT'S LIABILITY ........ 5

CLASS ACTION ALLEGATIONS ........ 7

COUNT I: VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) ........ 10

COUNT II: VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6) ........ 11

COUNT III: VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10) ........ 11

COUT IV: VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(11) ........ 12

PRAYER FOR RELIEF ........ 13

JURY DEMAND ........ 14

PLAINTIFF Jennifer Ernst ("Plaintiff"), on behalf of herself and all others similarly situated, files this petition against Defendant Medical Data Systems, Inc., d/b/a Medical Revenue System ("Defendant") as follows based on personal knowledge as to her own actions and on information and belief, based on the investigation of counsel, as to Defendant's conduct and practices.

## INTRODUCTION

1. Plaintiff brings this class action individually and on behalf of a Class of similarly situated individuals who received artificial or prerecorded phone calls and/or voicemails from Defendant, and on behalf of a separate Class of similarly situated individuals who received voicemails from Defendant in connection with the collection of a debt, in which Defendant failed to identify itself.

2. Defendant's actions as alleged herein violate the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## THE PARTIES

### Plaintiff

3. Plaintiff Jennifer Ernst is a resident of St. Louis County and a citizen of the State of Missouri. During the relevant class periods before the filing of this Petition, she received multiple unsolicited artificial or prerecorded voice messages from Defendant in connection with the collection of a debt.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

### Defendant

5. Defendant Medical Data Systems, Inc. is a Florida corporation, with its principal place of business at 2001 9th Avenue, Suite 312, Vero Beach, FL 32960. Its registered agent in

1

Missouri is CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

6.      Defendant is a "debt collector" under § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. On information and belief, Defendant operates a nationwide debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Missouri.[1]

7.      Defendant states on its website that its vision "is to deliver a respectful, counseling approach to collections"[2] and that its "focus is to collect the highest recovery possible without compromising customer service."[3]

## JURISDICTION AND VENUE

8.      This Court has jurisdiction of the FDCPA claims under 15 U.S.C. § 1692k(d), because Defendant's collection activity was directed to Plaintiff in Missouri. Plaintiff suffered the harms set forth herein in Missouri. Venue is also proper in St. Louis County, Missouri, for this reason. Similarly, this Court has jurisdiction of the TCPA claim under 47 U.S.C. § 227(3).

9.      This is a class action filed under Missouri Supreme Court Rule of Civil Procedure 52.08(b)(2) with respect to the claim for injunctive relief and pursuant to Rule 52.08(b)(3) with respect to the claim for actual damages.

---

[1] See https://www.meddatsys.com/about-mds/ (accessed 12/6/19) (stating on its website that it partners with hospitals and health systems "across the nation"). Defendant further states that it "provides 100% of our collection services to the healthcare industry." See https://www.meddatsys.com/ (accessed 12/6/19).
[2] See https://www.meddatsys.com/ (accessed 12/4/19).
[3] See https://www.meddatsys.com/end-to-end-solutions/ (accessed 12/4/19).

2

## The Telephone Consumer Protection Act

10. The TCPA provides: "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States— to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

11. The TCPA provides for a private right of action, and states: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-- (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions." 47 U.S.C. § 227(b)(3).

12. The statute further states: "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." *Id.*

## The Fair Debt Collection Practices Act

13. One of the primary purposes of the FDCPA is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692e. As such, it prohibits certain practices in connection with the collection, or attempted collection, of a debt.

14. The FDCPA states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a

3

Electronically Filed - St Louis County - December 06, 2019 - 04:56 PM

Electronically Filed - St Louis County - December 06, 2019 - 04:56 PM

violation of this section: . . . the placement of telephone calls without meaningful disclosure of the caller's identity." *Id.* at § 1692d(6).

15. It also states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(10), (11).

16. A debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person in an amount equal to the sum of--

> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
>
> (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. . .

15 U.S.C. § 1692k(a)(1)-(3).

4

## FACTUAL ALLEGATIONS REGARDING DEFENDANT'S LIABILITY

17. On November 7, 2019, Plaintiff received a phone call from (314) 727-2626. This was an automated call, which left an artificial or prerecorded voice message on Plaintiff's cellular phone. Here is a screenshot showing the voicemail:



18. This voicemail stated: "This call is for Jennifer Ernst. If you are Jennifer Ernst please return the call to 1-855-283-9093. If we've reached the wrong number for Jennifer Ernst please disregard this call. Thank you."

19. Plaintiff received another call from (314) 727-2626 on December 3, 2019. This was also an automated call, which left the same artificial or prerecorded voice message on Plaintiff's cellular phone. Here is a screenshot showing the voicemail:

5

> **Voicemail**
>
> +1 (314) 727-2626
> St. Louis, MO
> December 3, 2019 at 4:40 PM
>
> Transcription Beta
> "This call is for Jennifer Ernst if you are Jennifer Ernst please return the call to 1-855-283-9093 if we've reached the wrong number for Jennifer Ernst please disregard this call thank you..."
>
> Was this transcription useful or not useful?
>
> 0:11                              -0:19
>
> REDACTED

20.     Thus, this voicemail also stated: "This call is for Jennifer Ernst. If you are Jennifer Ernst please return the call to 1-855-283-9093. If we've reached the wrong number for Jennifer Ernst please disregard this call. Thank you."

21.     As shown by the content of these voice messages, no information was provided as to whom the call was from or what the call was regarding.

22.     An internet search, including many distinct websites, shows that the phone number (314) 727-2626 belongs to Defendant.[4]

23.     Accordingly, in leaving these prerecorded or artificial voice messages, Defendant did not state its name, that it was a debt collector, or what the call was regarding.

---

[4] See https://www.mapquest.com/us/missouri/medical-data-systems-inc-352804968 (listing Medical Data Systems, Inc. with this phone number) (accessed 12/4/19); https://local.yahoo.com/info-137908226-medical-data-systems-inc-st-louis?guccounter=1 (accessed 12/4/19); https://www.local.com/business/details/saint-louis-mo/medical-data-systems-inc-124704316/ (accessed 12/4/19); https://conprofi.com/company/563b761ce54f96d9459274cd (accessed 12/4/19); https://www.callercenter.com/314-727-2626.html#owner-info (accessed 12/4/19) (same).

6

Electronically Filed - St Louis County - December 06, 2019 - 04:56 PM

24. Upon information and belief, Defendant was attempting to collect a medical bill purportedly owed by Plaintiff.

25. Defendant did not have Plaintiff's permission or consent to make these automated phone calls to her cellular phone, and these calls were not for emergency purposes.

26. On information and belief, Defendant lacks an adequate system for preventing prohibited artificial or prerecorded phone calls and/or to ensure that any phone calls it places comply with the requirements of the FDCPA. Defendant acted intentionally in placing the above phone calls to Plaintiff. Additionally, based on other recent lawsuits that have been filed against Defendant based on its debt collection activities, Defendant is or should be aware of the laws regulating debt collection and automated phone calls.

27. Receipt of these automated voice messages has caused Plaintiff emotional distress and anxiety.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on her own behalf and on behalf of a class of similarly situated individuals in the United States who received artificial or prerecorded phone calls and/or voicemails from Defendant, and on behalf of a separate class of similarly situated individuals in the United States who received voicemails from Defendant in the same form as the voicemails received by Plaintiff, in connection with the collection of a debt. Plaintiff also seeks to represent subclasses of class members in Missouri for each class.

29. Specifically, Plaintiff seeks to represent the following Classes:

> All persons in the United States whose cellular telephone number Defendant called and/or left a voice message and used an artificial or prerecorded voice without the persons' express consent, within the applicable statute of limitations prior to the filing of this action.

("TCPA Class")

7

All persons in the State of Missouri whose cellular telephone number Defendant called and/or left a voice message and used an artificial or prerecorded voice without the persons' express consent, within the applicable statute of limitations prior to the filing of this action.

("Missouri TCPA Subclass")

All persons in the United States for whom Defendant left, or caused to be left, a voice message in connection with the collection of a consumer debt, in which Defendant did not identify itself, and/or did not state that the call was for collection purposes, and/or did not disclose that it was a debt collector, within the applicable statute of limitations prior to the filing of this action.

("FDCPA Class")

All persons in the State of Missouri for whom Defendant left, or caused to be left, a voice message in connection with the collection of a consumer debt, in which Defendant did not identify itself, and/or did not state that the call was for collection purposes, and/or did not disclose that it was a debt collector, within the applicable statute of limitations prior to the filing of this action.

("Missouri FDCPA Subclass")

Plaintiff may modify these class definitions based on discovery yet to be taken.

30. Excluded from the Class are officers, directors and employees of Defendant, counsel and members of the immediate families of counsel for Plaintiff herein, and the judge presiding over this action and any member of the judge's immediate family.

31. Numerosity. The members of the proposed Classes are so numerous that joinder of all members is impracticable. The precise number of Class Members is unknown at this time, as such information is in the exclusive control of Defendant.

32. Common Questions of Law and Fact and Predominance. Numerous questions of law and fact are common to Plaintiff and the members of the Classes and predominate over any individual questions. Such common legal and factual questions include, but are not limited to:

    a. Whether the phone calls Defendants made were artificial or prerecorded in violation of the TCPA;

    b. Whether Defendant attempted to collect debts by placing phone calls without

    meaningfully disclosing its identity;

c. Whether Defendant used false representation or deceptive means to collect or attempt to collect any debts or to obtain information concerning consumers;

d. Whether Defendant failed to disclose in its initial oral communications that it was attempting to collect a debt or in subsequent communications that the communication was from a debt collector; and

e. Whether any violations of the TCPA and/or FDCPA were intentional or negligent.

33.    Typicality. Plaintiff's claims are typical of the claims of the members of the Classes. Plaintiff and members of the TCPA Class have had their rights under the TCPA violated based on Defendant's failure to comply with the provisions of the TCPA, and Plaintiff and members of the FDCPA Class have had their rights violated based on Defendant's failure to comply with the provisions of the FDCPA.

34.    Adequacy of Representation. Plaintiff will fairly and adequately represent and protect the interests of the proposed Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and consumer class actions.

35.    Plaintiff and counsel are committed to prosecuting this action vigorously on behalf of the Classes, and do not have any interests that are contrary to or in conflict with those of the Classes they seek to represent.

36.    Superiority. A class action is superior to all other available methods for fair and efficient adjudication of this controversy. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

37.    The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent and varying adjudications concerning the subject of this action.

Electronically Filed - St Louis County - December 06, 2019 - 04:56 PM

38. Absent a class action, the vast majority of the members of the Classes likely would not be in a position to litigate their claims individually and would have no effective remedy at law through which to vindicate their claims against Defendant and be made whole.

39. Class treatment will conserve the resources of the courts and the litigants, and further efficient adjudication of Class Member claims.

## COUNT I: VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).
### (Plaintiff, the TCPA Class, and the Missouri TCPA Subclass)

40. Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein, and further alleges as follows.

41. Defendant left artificial or prerecorded voice messages on Plaintiff's and TCPA Class Members' cellular phones, despite a statutory prohibition against doing so.

42. Defendant did not have the prior express consent of Plaintiff and TCPA Class Members to make such artificial or prerecorded calls to their cellular phones.

43. Defendant placed these artificial or prerecorded calls willfully and knowingly.

44. Defendant thus violated the TCPA by placing non-emergency calls to the cellular phones of Plaintiff and TCPA Class Members using an artificial or prerecorded voice, without prior express consent.

45. Plaintiff and TCPA Class Members were harmed based on Defendant's violation of the TCPA and are each entitled to a minimum of $500 in damages for each violation. Furthermore, they are entitled to an injunction against future calls. 47 U.S.C. § 227(b)(3).

46. Additionally, because Defendant willfully and knowingly placed these calls in violation of the TCPA, this Court should treble the amount of Plaintiff's and TCPA Class Member's statutory damages, pursuant to Section 227(b)(3) of the TCPA.

47. WHEREFORE, Plaintiff, the TCPA Class, and the Missouri TCPA Subclass pray for the relief requested in the Prayer for Relief set forth below in this Petition.

### COUNT II: VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)
**(Plaintiff, the FDCPA Class, and the Missouri FDCPA Subclass)**

48. Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein, and further alleges as follows.

49. Defendant left voicemails on Plaintiff's and FDCPA Class Members' cellular phones in attempts to collect a debt without meaningfully disclosing its identity or legal name.

50. Such voicemails gave no identifying information of Defendant.

51. Defendant therefore violated the FDCPA, which expressly provides that a debt collector's placement of telephone calls without meaningfully disclosing its identity is a violation of the statute. 15 U.S.C. § 1692d(6).

52. Plaintiff and FDCPA Class Members are entitled to actual and statutory damages, and to recover costs and attorney's fees. 15 U.S.C. § 1692k.

53. WHEREFORE, Plaintiff, the FDCPA Class, and the Missouri FDCPA Subclass pray for the relief requested in the Prayer for Relief set forth below in this Petition.

### COUNT III: VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)
**(Plaintiff, the FDCPA Class, and the Missouri FDCPA Subclass)**

54. Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein, and further alleges as follows.

55. 15 U.S.C. § 1692e prohibits debt collectors from using false, deceptive, or misleading representations or means in connection with the collection of any debt, and specifically states that the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" violates this section. *Id.* at § 1692e(10).

11

56. By leaving voicemails without disclosing any identifying information or any information about the nature of the call and leaving a call back number, Defendant is engaging in deceptive means to attempt to collect debts and to obtain information concerning Plaintiff and FDCPA Class Members.

57. The only way for Plaintiff and FDCPA Class Members to ascertain the specific purpose of the message is to place a return call to the number provided in the message and speak with a debt collector employed by Defendant, and to provide said debt collector with personal information.

58. Defendant therefore violated the FDCPA's prohibition against using deceptive means in connection with the collection of any debt.

59. Plaintiff and FDCPA Class Members are entitled to actual and statutory damages, and to recover costs and attorney's fees. 15 U.S.C. § 1692k.

60. WHEREFORE, Plaintiff, the FDCPA Class, and the Missouri FDCPA Subclass pray for the relief requested in the Prayer for Relief set forth below in this Petition.

### COUT IV: VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(11)
### (Plaintiff, the FDCPA Class, and Missouri FDCPA Subclass)

61. Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein, and further alleges as follows.

62. By leaving voicemails without disclosing any identifying information or any information about the nature of the call, Defendant failed to provide Plaintiff and FDCPA Class Members with the information required by 15 U.S.C. § 1692e(11), specifically that Defendant was a debt collector and was attempting to collect a debt.

63. The voice messages that Plaintiff and FDCPA Class Members received constitute a "communication" pursuant to 15 U.S.C. § 1692a(2).

Electronically Filed - St Louis County - December 06, 2019 - 04:56 PM

64. Defendant therefore violated the FDCPA's prohibition against failing to disclose in its communications that it is a debt collector attempting to collect a debt.

65. Plaintiff and FDCPA Class Members are entitled to actual and statutory damages, and to recover costs and attorney's fees. 15 U.S.C. § 1692k.

66. WHEREFORE, Plaintiff, the FDCPA Class, and the Missouri FDCPA Subclass pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of herself and the Classes, pray judgment against Defendant as follows:

1. Certifying the Classes as requested herein;

2. Entering an order appointing Law Office of Richard S. Cornfeld, LLC as lead counsel for the Classes;

3. Awarding statutory and actual damages against Defendant under the TCPA in an amount to be determined pursuant to 47 U.S.C. § 227(b)(3);

4. Awarding statutory and actual damages against Defendant under the FDCPA in an amount to be determined pursuant to 15 U.S.C. § 1692k(a)(1)-(3).

5. Awarding injunctive relief as permitted by law or equity, including a preliminary and permanent injunction enjoining Defendant from continuing the unlawful practices as set forth herein;

6. Awarding pre-judgment and post-judgment interest;

7. Awarding reasonable attorneys' fees and costs herein;

8. Awarding such other and further relief as the Court deems fit and proper.

Electronically Filed - St Louis County - December 06, 2019 - 04:56 PM

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: December 6, 2019    Respectfully submitted,

**LAW OFFICE OF RICHARD S. CORNFELD, LLC**

By: */s/ Richard S. Cornfeld*
    Richard S. Cornfeld, MO Bar #31046
    Daniel S. Levy, MO Bar #66039
    1010 Market Street, Suite 1645
    St. Louis, MO 63101
    P. 314-241-5799
    F. 314-241-5788
    rcornfeld@cornfeldlegal.com
    dlevy@cornfeldlegal.com

*Attorneys for Plaintiff*